Mason, Dickinson & Co. *vs.* Carhart, Brother & Co.

## MASON, DICKINSON & CO. *vs.* CARHART, BROTHER & CO.

The Justices of the Inferior Court have power, on application to them by a defendant in *ca. sa.* who is in jail, to order his discharge, when it appears that the plaintiff in *ca. sa.* has failed to give security for the weekly payment of jail fees; and to order the discharge without any notice to the plaintiff in *ca. sa.*, except where the defendant has gone to jail after being surrendered by sureties.

Motion, etc., from Baker county.   Decided by Judge ALLEN, May Term, 1860.

The plaintiffs in error having severally been arrested by the sheriff of said county on three *ca. sas.*, one of which was in favor of Carhart, Brother & Co., all issuing out of the Superior Court, petitioned the Inferior Court for their discharge on the ground, that none of the parties plaintiffs or their attorneys at law resided in said county, and that they had failed to give bond for the maintenance of defendants in terms of the statute in such cases made and provided.

The Inferior Court at Chambers entertained the petition, and ordered the defendants to be discharged upon the grounds stated, and afterwards, at the July Term of said Court, counsel for Carhart, Brother & Co. moved said Court to vacate the order discharging the defendants, because the prisoners were not in jail, were not brought before the Court by *habeas corpus,* and because no notice was served on the

plaintiffs or their counsel of such application; because want of residence of said parties in the county was no ground for discharge, and because the Court had no jurisdiction of the case.

This motion was refused by the Inferior Court.

Afterwards, at the May Term of the Superior Court, counsel for Carhart, Brother & Co. moved a rule against defendants, requiring them to show cause why they should not be arrested on said *ca. sas.* They shewed, in answer, the foregoing proceedings.

After hearing the motion, the Court passed an order declaring the proceeding of the Inferior Court null and void, and directed said *ca. sa.* to proceed as though no such proceedings had been had.

Counsel for defendants excepted thereto, and assign the same as error.

LYON, for the plaintiff in error.

HINES & HOBBS, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

These defendants in *ca. sa.* were discharged by the Justices of the Inferior Court on petition to them, upon the ground that the plaintiffs in *ca. sa.* residing out of the county, had failed to give security for the weekly payment of jail fees. The Act of 1803, *Cobb Dig.*, 382, authorizes the Justices of the Inferior Court to do just what these Justices did, without notice to plaintiff in *ca. sa.*, and without *habeas corpus*, but simply upon application. The Act manifestly contemplates no notice. Notice could have no effect, for no excuse for the failure to give security can avail. The discharge is to be ordered on the simple fact of the *failure.* There is another Act of 1845, *Cobb Dig.*, 391, which does require notice, under different circumstances from those contemplated by the Act of 1803, when notice is very proper, and where action without notice would be very unjust. When the defendant in process, whether *mesne* or final, has given security, and has been delivered up by his sureties,

*then* he cannot be dicharged for failure to secure jail fees without ten days' notice to the plaintiff. A creditor is not required to provide for the jail fees of his debtor when the debtor is not in jail, and when he afterwards gets in jail by the act of his sureties, the creditor ought to have notice of the fact before he is required to make provision for it. But there is no reason for notice, and no notice is required when the debtor goes to jail as soon as he is arrested. The plaintiff who orders the arrest knows the fact. We think the judgment of the Inferior Court was right, and that the judgment of the Superior Court, in effect reversing the other, was wrong.

Judgment reversed.